LEVY *et al.* v. HOLTON.

No. 4484.    Opinion Filed June 20, 1913.

Rehearing Denied October 21, 1913.

(132 Pac. 1085.)

APPEAL AND ERROR—Dismissal—Failure to Settle Case-Made.    If parties allow the time provided by law for perfecting a case-made to expire without complying with the requirements essential to have the same signed and settled, they cannot be heard to say that they have been deprived of their right to appeal through no fault on their part, and the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Ottawa County;*
*Preston S. Davis, Judge.*

Action by Nathan Levy and others against R. H. Holton. Judgment for defendant on demurrer, and plaintiffs bring error. Cause dismissed, and peremptory writ to compel trial judge to settle case-made denied.

*Steinberger & Chastain,* for plaintiffs in error.

*S. C. Fullerton,* for defendant in error.

PER CURIAM.    In considering this motion for a peremptory writ of mandamus, the record discloses that the trial court sustained a demurrer to plaintiff's evidence on April 24, 1912; that a motion for a new trial was filed and overruled, and plaintiffs given 90 days in which to prepare and serve a case-made; that within the time extended the case-made was duly served, and on October 23, 1912, it was agreed that the same might be

settled without further notice; that as the trial judge was absent from the state, and his signature thereto could not be obtained in the two remaining days of the statutory six months, attorneys for plaintiffs in error filed their case-made in this court on the last day thereof, without the same being signed and settled, and on November 21st filed their motion to have the same amended by appending thereto the signature of the trial judge; that on December 3d said motion was allowed, but owing to sickness they were unable to secure said amendment, whereupon, on January 25, 1913, they asked for and on February 14, 1913, the court allowed, 35 days' additional time to secure the same; that on February 21st, after notice, the same was presented to the trial judge who refused to so sign the same.

On March 5, 1913, defendant in error moved to dismiss for the reason "that the time allowed by law for the settlement, signing, and filing of a case-made herein has long since expired, and this court has no jurisdiction to extend such time or to review any action of the trial court had in said cause," which motion should have been sustained and the cause dismissed, but the motion was overruled.

For the reason that the same was improvidently done, the order so doing is set aside, the cause dismissed, and the peremptory writ to compel the trial judge to sign and settle the case-made is denied.